IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDWARD C. BOONE,<br><br>    Plaintiff,<br><br>v.<br><br>BOWIE COUNTY, TEXAS, et al.<br><br>    Defendants. | Case No. 3:18-cv-02438-S-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this *pro se* civil action are seven motions to dismiss filed by Matt Keil, Mark Elliott, Tina Petty, April Scoggins, Michael Friedman, Randy Moore, and Bowie County, Texas. By their separate motions, each defendant makes substantially similar arguments that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction or, alternatively, for failure to state a claim. At least two defendants further argue that the complaint should be dismissed for improper venue. For the following reasons, the Court should GRANT the pending motions to dismiss (ECF Nos. 7, 12, 14, 15, 19, 20 & 32), and DISMISS this case without prejudice.

**Background**

This is at least the second time Plaintiff Edward Boone has attempted to file a lawsuit in federal court complaining of alleged civil rights violations apparently related to probate dispute involving his mother's estate. On August 9, 2018,

1

Plaintiff filed *Boone v. Wilson et al.*, 3:18-cv-02072-D. The presiding judge in that case found that Plaintiff's complaint failed to comply with Fed. R. Civ. P. 8(a) and ordered Plaintiff to file an amended complaint. Although Plaintiff amended his complaint, the judge found that the amended complaint failed to plead a basis for federal jurisdiction. Accordingly, the judge dismissed Plaintiff's complaint without prejudice and entered judgment. Less than three weeks later, Plaintiff initiated this civil action and filed a complaint and an amended complaint. Several of the individuals named as defendants filed separate motions to dismiss. Each of those motions argues this case should be dismissed for lack of subject matter jurisdiction, under Fed. R. Civ. P. 12(b)(1), and for failure to state a claim for relief, under Fed. R. Civ. P. 12(b)(6). Mots. (ECF Nos. 7, 12, 14, 15, 19, 20 & 32).[1]

## Legal Standards and Analysis

### Rule 12(b)(1)

Federal courts are courts of limited jurisdiction. Unless otherwise provided by statute, federal courts generally may hear a case only (1) if it involves a federal question arising under the Constitution, laws, or treaties of the United States or (2) where diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332. Plaintiff, as the party seeking to invoke the Court's jurisdiction, must prove

---

[1] Defendants Tina Petty and Bowie County, Texas also move to dismiss under Fed. R. Civ. P. 12(b)(3) on the ground that venue is improper in the Northern District of Texas. Mots. (ECF Nos. 14 & 32).

that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995) (citing *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1177 (5th Cir. 1984)).

Plaintiff's complaint and amended complaint fail to plead a basis for federal question jurisdiction. His complaint states in its entirety:

> obstruction of justice, violation of my civil rights, defamation of character. This can be better explained in front of a judge and jury.
>
> Tina Petty, Michael Friedman, Randy Moore, Michael Bernoudy, Matt Keil, April Scoggins, Mark Elliot.

Compl. (ECF No. 1). Similarly, his amended complaint states:

> My original complaint: obstruction of justice, violation of my civil rights, defamation of character against Bowie County Tx., Tina Petty, Michael Friedman, Randy Moore, Michael Bernoudy, Matt Keil, April Scoggins, Mark Elliott,
>
> I want to include Sherl Wilson for obstruction of justice, violation of my civil rights, and perjury.
>
> As I stated before this can be better explained in a court of law, and in front of a jury.

Am. Compl. at 1 (ECF No. 10). Plaintiff also includes several attachments with his complaint and amended complaint. *Id.* at 2-34. These attachments appear to be copies of documents pertaining to a probate dispute that were filed with the Clerk for Bowie County, Texas, Tina Petty, including a general durable power of attorney for Johnnie Boone. *Id.* The civil cover sheet filed with the original complaint states that Plaintiff seeks $9,000,000 in damages. Compl. at 6.

Nothing on the face of the complaint or the amended complaint, or in the attachments to those pleadings, sets forth a basis for federal question jurisdiction. Plaintiff does not raise any claims under the Constitution, laws, or treaties of the United States. His bare assertion of a "civil rights violation" is insufficient to raise a claim under any federal statute. A claim for defamation is a state law tort claim. Obstruction of justice and perjury are crimes, and a private citizen is not entitled to bring a civil action for violations of criminal statutes. *See Williams v. Cintas Corp.*, 2007 WL 1295802, at *2 (N.D. Tex. Apr. 10, 2007), *adopted by* 2007 WL 1300780 (N.D. Tex. May 2, 2007) (citing cases). Also, federal courts generally lack jurisdiction to probate wills or administer estate proceedings and cannot interfere with state probate proceedings. *See Breaux v. Dilsaver*, 254 F.3d 533, 536 (5th Cir. 2001).

Plaintiff also has failed to plead any basis for diversity jurisdiction. Jurisdiction on the basis of diversity requires "complete diversity" of citizenship. *See Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992)) (holding that district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants). For purposes of diversity jurisdiction, an individual is a citizen of the state where he establishes his domicile. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007) (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). Although "'[c]itizenship' and 'residence' are not synonymous," *Parker v. Overman*, 59 U.S. 137, 141 (1855),

"[e]vidence of a person's place of residence . . . is prima facie proof of his domicile." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (citing *Preston*, 485 F.3d at 799)). Here, Plaintiff's complaint states that he resides in Longview, which is in Gregg County, Texas. Compl. at 6. Boone County, Texas is one of the named defendants. A county is considered a citizen of the state in which it is located. *Moor v. Alameda County*, 411 U.S. 693, 717–22 (1973), *overruled on other grounds, Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658 (1978); *see also Reeves v. City of Jackson*, 532 F.2d 491, 495 n. 5 (5th Cir.1976) ("[A] county is a citizen for purposes of § 1332 diversity jurisdiction"); *Harris Cty. v. Ideal Cement Co.*, 290 F. Supp. 956, 958 (S.D. Tex. 1968) ("It is quite clear that a county may be a citizen of a state for purposes of diversity jurisdiction."). Thus, it is apparent from the face of the complaint that Plaintiff and at least one defendant are citizens of the same state, and federal diversity jurisdiction is not proper. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978) (emphasizing that for a federal court to exercise diversity jurisdiction, the citizenship of all plaintiffs must be different from the citizenship of all defendants).

### Rule 12(b)(6)

Alternatively, Plaintiff's complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) because it fails to state a claim for relief. To survive summary dismissal, Plaintiff's complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to

5

relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that Plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

Further, it is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, the pleadings must show specific, well-pleaded facts, not mere conclusory allegations, to avoid dismissal. *See Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

Here, Plaintiff's complaint and amended complaint recite "obstruction of justice, violation of my civil rights, defamation of character against Bowie County Tx., Tina Petty, Michael Friedman, Randy Moore, Michael Bernoudy, Matt Keil, April Scoggins, Mark Elliott" and "Sherl Wilson for obstruction of justice, violation of my civil rights, and perjury." Am. Compl. at 1 (ECF No. 10). But, his pleadings fail to provide any other information on his claims or to set forth any specific facts in support of his conclusory assertions. Plaintiff's vague statement that "[t]his can be better explained in front of a judge and jury" is insufficient to state a claim for relief. *Id.* Plaintiff must allege sufficient facts to show that he is plausibly entitled to relief before he is allowed to present his case to a judge or a jury.

The Court has also considered the attachments Plaintiff submitted with his complaint and amended complaint, because the pleadings, for the purpose of determining a Rule 12(b)(6) motion, include documents attached to the pleadings so long as they "are referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). As noted, these attachments appear to be copies of documents pertaining to a probate dispute filed in Bowie County, Texas. Nothing in these documents permits the Court to infer more than the mere possibility of misconduct by any of the named defendants. *See Iqbal*, 556 U.S. at 679. Thus, even construing Plaintiff's complaint and amended complaint liberally, he fails to plead facts

sufficient to state a plausible claim for relief. Plaintiff's complaint should therefore be dismissed under Fed. R. Civ. P. 12(b)(6).

## Unserved Defendants

Finally, the Court observes that Plaintiff has failed to file proof that he served defendants Sherl Wilson and Michael Bernoudy. Because he paid the filing fee, Plaintiff was responsible for serving each defendant with a summons and a copy of the complaint case as provided by Rule 4(c) of the Federal Rules of Civil Procedure. He was required to make proper service on the defendants within 90 days of filing a complaint. Fed. R. Civ. P. 4(m). He also was required to file proof of service with the Court unless service was waived. Fed. R. Civ. P. 4(l)(1). Proof consists of the server's affidavit if service was not effected by the United States Marshal or a deputy marshal. *Id.* Where proper service is not made within 90 days of filing a complaint, an action is subject to *sua sponte* dismissal, without prejudice. Fed. R. Civ. P. 4(m). However, dismissal is not proper "if the plaintiff shows good cause for the failure" to properly effect service and a court should extend the time to serve the defendant. *Id.* The plaintiff bears the burden of showing good cause. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. U.S.*, 9 F.3d 344, 345 (5th Cir. 1993)). A plaintiff also may be required to show that "(1) the party to be served personally

8

received actual notice of the lawsuit; (2) the defendant would not suffer any prejudice by the court extending the [90]–day deadline; and (3) the plaintiff would be severely prejudiced if his complaint were dismissed." *Hickman v. U.G. Lively*, 897 F. Supp. 955, 959 (S.D. Tex. Apr. 27, 1995) (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

Here, more than 90 days have passed since Plaintiff filed his amended complaint, but he has not complied with Fed. R. Civ. P. 4(m) by timely serving defendants Sherl Wilson and Michael Bernoudy or filing proof of valid service with the Court. Nor has he shown—or attempted to show—good cause for his failure to serve these defendants and to file proof of service. Accordingly, the Court should *sua sponte* dismiss Plaintiff's claims against these defendants.

## Conclusion

Plaintiff's complaint fails to allege facts sufficient to show this Court has subject matter jurisdiction over his complaint. The Court should therefore GRANT the motions to dismiss filed by Matt Keil, Mark Elliott, Tina Petty, April Scoggins, Michael Friedman, Randy Moore, and Bowie County, Texas (ECF Nos. 7, 12, 14, 15, 19, 20 & 32) and DISMISS this case without prejudice.

Alternatively, the Court should GRANT the motions to dismiss because Plaintiff failed to allege facts sufficient to state a claim for relief.

Further, because Plaintiff failed to timely serve defendants Sherl Wilson and Michael Bernoudy and to file proof of valid service, the Court should *sua sponte* dismiss Plaintiff's claims against these defendants.

**SO RECOMMENDED.**

June 27, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).